The Hon. Mary Estill Buchanan Colorado Secretary of State 1575 Sherman Street Denver, Colorado 80203
Dear Ms. Buchanan:
QUESTION PRESENTED AND CONCLUSION
This is in response to your letter of October 2, 1979, requesting my opinion on the question of whether the secretary of state may transmit for publication the findings or opinions of the Committee on Legal Services, or any legislative committee, if such opinions pertain to rules.
 Based on the limitations in the Administrative Procedure Act, my answer is "no."
ANALYSIS
In 1977 the Administrative Procedure Act was amended to provide for the publication of the Colorado Register and the Colorado Code of Regulations by a private company under contract with the secretary of state. See House bill 1623 reprinted in 1977 Sess. L. ch. 295. With respect to the contents of the code and the register, House bill 1623 provided in relevant part:
 Said Code shall contain only those rules effective on the date of publication, subject to the provisions of paragraph (d) of this subsection (11) concerning rules filed with the secretary of state. The Colorado Register shall contain only such notices, proposed rules, adopted rules, opinions, and other relevant information and materials as are filed pursuant to law with the secretary of state.
C.R.S. 1973, 24-4-103(11)(i), as amended.
House bill 1623 continued in effect C.R.S. 1973, 24-4-103(11)(a) which states:
 There is hereby established a Code of Colorado Regulations for the publication of rules and regulations of agencies of the executive branch and the Colorado Register for the publication of notices of rulemaking, proposed rules, attorney general's opinions, and adopted rules.
The language of section 103(11)(i), as set forth above, restricts the matters to be published to "only" the matters enumerated. As a general rule of statutory construction, words are to be given their common meaning. 2A Sands, Sutherland's StatutoryConstruction section 47.28 (1973 ed.). The Colorado Supreme Court construed the word "only" in interpreting the constitutional provision which provides that the supreme court "shall have appellate jurisdiction only" and said:
 This expression operates both as a grant and a limitation; it confers appellate authority, and at the same time forbids the exercise of original jurisdiction, save in the excepted cases . . . .
People v. Richmond, 16 Colo. 274, 285, 26 P. 929, 933
(1891). In the same manner, section 103(11)(i) is both a grant and a limitation. It specifies what items are to be included in the code and register and it excludes publication of all other items.
This interpretation is supported by the discussion of House bill 1623 in the House State Affairs Committee on March 23, 1977. As the attached excerpt from that hearing indicates, the committee was aware that the scope of items to be published in the Colorado Register and Code was limited. Indeed, one witness suggested that it would be appropriate to expand the definition of items which could be published to include executive orders and other kinds of communications published in the Federal Register. In response to this suggestion, Representative Gorsuch, prime sponsor of House bill 1623, stated that the bill was a "baby step" intended to get the items listed published. She noted that the legislature could take the "giant step" of publishing other materials at a later date. Nothing in the legislative hearings suggested any intention to publish the recommendations of the Legal Services Committee or of any other legislative committee. See
attachment A.
House bill 1393 passed in the 1979 general assembly continued the same "baby step" approach to publication in the code and register. House bill 1393 amended C.R.S. 1973, 24-4-103(8)(d) to add the following language:
 Each agency shall revise its rules to conform with the action taken by the General Assembly. Such revision shall be transmitted to the Secretary of State for publication pursuant to subsection (1) of this section.
As the above-quoted language indicates, the legislature again has been very specific in identifying what items are to be published by the secretary of state.
A legislative committee recommendation does not have the force and effect of law. With respect to the Legal Services Committee, C.R.S. 1973, 24-4-103(8)(d) provides that all rules adopted or amended on or after July 1, 1976, are to be submitted by the adopting agency to the Legislative Drafting Office for review by the Committee on Legal Services. The findings of that committee are to be presented at public hearing and, upon affirmative vote, are to be referred to the general assembly at its next regular session. The legislature then may act by bill to rescind or delete any portion of a rule.
The findings of the committee do not fall within any of the items listed in section 103(11)(i). They are neither notices, proposed rules, adopted rules nor opinions. Further, since the committee's recommendations are not required by law to be filed with the secretary of state, the recommendations do not fall within the category of "other relevant information and materials as are filed pursuant to law with the secretary of state."
Accordingly, it is my conclusion that the legislature has restricted the secretary of state's power to publish material in the Colorado Code and Register. Since the comments of legislative committees are not included in the enumerated items for publication, you are not authorized to submit those comments for publication.
In your letter, you also asked whether you could accept legislative committee comments for filing in lieu of publication. That appears to be a matter within your discretion. Nothing in the Administrative Procedure Act requires you to accept such comments for filing. See C.R.S. 1973, 24-4-103(12). Conversely, nothing prohibits you from accepting such comments for filing.
SUMMARY
For the reasons discussed, it is my opinion that the legislature has not authorized you to submit legislative committee comments for publication in the Colorado Code or Register. It is within your discretion whether to accept such comments for filing in your office.
Very truly yours,
 J.D. MacFARLANE Attorney General
ADMINISTRATIVE PROCEDURE RULES AND REGULATIONS
C.R.S. 1973, 24-4-103(11)(i) (1977 Sess. L. ch. 295) C.R.S. 1973, 24-4-103(8)(d) C.R.S. 1973, 24-4-103(12) C.R.S. 1973, 24-4-103(11)(a)
SECRETARY OF STATE DEPT. Administration
Under Administrative Procedure Act, the secretary of state is not authorized to submit for publication the findings or opinions of any legislative committee.